UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

CHONG SIK YU, YUNSEO LEE, and VALERIA RUTH HACOHEN.

Defendants.

---

20 Cr. 648 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Defendant Valeria Ruth HaCohen is charged with one count of conspiring to violate the Export Control Reform Act. Pending before the Court is her motion to dismiss the superseding indictment pursuant to Federal Rule of Criminal Procedure 12(b). For the following reasons, the motion is denied.

## BACKGROUND

Defendants Chong Sik Yu, also known as Chris Yu ("Yu"), Yunseo Lee ("Lee"), and Valeria Ruth HaCohen ("HaCohen") allegedly conspired to export electronic components without applying for or obtaining the proper license between 2019 and 2020. The Government filed an indictment as to Defendants Yu and Lee on December 1, 2020. ECF No. 22. On August 10, 2021, the Government filed the superseding indictment ("S1") against Defendant HaCohen, which contained a sole count of conspiring to unlawfully export electronic components in violation of the Export Control Reform Act ("ECRA"), 50 U.S.C. § 4819 and 15 C.F.R. § 736.2. ECF No. 42.

On November 15, 2024, Defendant HaCohen filed her motion to dismiss the superseding indictment. ECF No. 151. On April 22, 2025, the Government filed its opposition. ECF No. 174. Defendant HaCohen filed her reply on April 29, 2025. ECF No. 175. The Court heard oral

1

arguments on June 3, 2025. *See* ECF No. 179. Defendant Lee has filed her own motion to dismiss the indictment, *see* ECF No. 166, which the Court will address in a separate opinion.

## STANDARD OF REVIEW

"Before trial, a defendant 'may raise by . . . motion any defense, objection, or request that the court can determine without a trial on the merits,' including a motion alleging 'a defect in the indictment.'" *United States v. Aiyer*, 33 F.4th 97, 116 (2d Cir. 2022) (quoting Fed. R. Crim. P. 12(1), (b)(1)(B)). "A defendant seeking to challenge the sufficiency of an indictment on a motion to dismiss faces a high hurdle." *United States v. Silver*, 117 F. Supp. 3d 461, 464 (S.D.N.Y. 2015).

"Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment 'must be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *United States v. Phillips*, 690 F. Supp. 3d 268, 276 (S.D.N.Y. 2023) (quoting Fed. R. Crim. P. 7(c)(1)). "An indictment is sufficient if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "Nevertheless, 'an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) (quoting *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992)).

"When evaluating the sufficiency of an indictment, the court considers all allegations in the indictment to be true and does not consider any contrary assertions of fact by the defendant." *United States v. Almaleh*, No. 17 CR. 25, 2022 WL 602069, at *2 (S.D.N.Y. Feb. 28, 2022). "Unless the government has made what can fairly be described as a full proffer of the evidence it intends

to present at trial . . . the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." *Alfonso*, 143 F.3d at 776–77.

## DISCUSSION

Defendant HaCohen argues that the superseding indictment should be dismissed because (1) the shipment described in the complaint would have qualified for a licensing exemption, (2) she had no knowledge of the unlawful activity, and (3) she did not engage in a conspiracy. *See generally* ECF No. 152. All three arguments require the Court to weigh the sufficiency of the Government's evidence. Because doing so is generally not appropriate on a motion to dismiss, the Court should only consider of the merits of these arguments if the Government has made a full proffer of the evidence. *See Alfonso*, 143 F.3d at 776–77.

At this stage the indictment is only required to allege the elements of the charged offense. *See Stringer*, 730 F.3d at 124 (citing *Hamling*, 418 U.S. at 117); Fed. R. Crim. P. 7(c)(1). The sole count of the superseding indictment alleges that Defendant HaCohen "and others known and unknown, knowingly and willfully combined, conspired, confederated, and agreed together and with each other to" export "from the United States items controlled under Subchapter I of the Export Control Reform Act, to wit, electronic components, telecommunications components, and sensors, to Hong Kong and the People's Republic of China, without having first obtained a license for such export from the U. S. Department of Commerce." S1 ¶¶ 2, 3.

These allegations track the language of the statute, properly inform Defendant HaCohen of the charge against her, and permit her "to plead an acquittal or conviction in bar of future prosecutions of the same offense." *Hamling*, 418 U.S. at 117. "No more is required under well-established Second Circuit law." *United States v. Orsini*, No. 23-CR-402, 2024 WL 218445, at *3

3

(S.D.N.Y. Jan. 19, 2024) (citing *United States v. Tarantino*, 617 F. App'x 62, 63 (2d Cir. 2015) (noting that *mens rea* elements are subject to the same standard)).

Defendant HaCohen argues that the Court may reach the other issues she raises and weigh the sufficiency of the evidence because the Government has made a full proffer by producing its discovery materials to the defense. *See* ECF No. 152 at 5, 14. In response, the Government distinguishes between the materials produced during discovery and the evidence presented to the Court by the Government; only the latter of which the Government argues constitutes a proffer. *See* ECF No. 174 at 11 ("Discovery is not a 'proffer of evidence,' or the sufficiency of the evidence could be raised prior to trial in every single criminal case."). Additionally, the Government confirms that "it has not made a full proffer of the trial proof" as of yet. *Id.*

"The district court must give the Government an opportunity to 'make a detailed presentation of the entirety of the evidence before . . . dismissing an indictment on sufficiency grounds,' and the district court lacks the authority 'to require the government, before trial, to make such a presentation.'" *United States v. Wedd*, 993 F.3d 104, 121 (2d Cir. 2021) (quoting *United States v. Sampson*, 898 F.3d 270, 282 (2d Cir. 2018)); *see also United States v. Gotti*, 457 F. Supp. 2d 411, 421 n. 56 (S.D.N.Y. 2006) (collecting cases where courts addressed the sufficiency of the evidence on a pretrial motion to dismiss the indictment because the factual record was "undisputed" or "stipulated").

The complaints and indictments in this case, along with the few additional allegations raised in the Government's brief, cannot "fairly be described as a full proffer of the evidence it intends to present at trial." *Alfonso*, 143 F.3d at 776. Accordingly, "the Court on this motion is limited to determining whether the Indictment is sufficiently precise to 'inform the defendant of the charges [s]he must meet' and contains 'enough detail that [s]he may plead double jeopardy in

4

a future prosecution based on the same set of events.'" *Phillips*, 690 F. Supp. 3d at 279 (quoting *Stavroulakis*, 952 F.2d at 693). The Court finds that the superseding indictment does and denies Defendant HaCohen's motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendant HaCohen's motion to dismiss the superseding indictment is denied. The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 151.

**SO ORDERED.**

**Dated:** **June 20, 2025**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**