ORIGINAL

|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#: _____<br>DATE FILED: 10-16-25 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

VALERIA RUTH HACOHEN,

           Defendant.

: CONSENT PRELIMINARY ORDER
: OF FORFEITURE/
: MONEY JUDGMENT

: S2 20 Cr. 648 (ALC)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

         WHEREAS, on or about October 16, 2025, VALERIA RUTH HACOHEN (the "Defendant"), was charged in a one-count Superseding Information, S2 20 Cr. 648 (ALC) (the "Information"), with conspiracy to make false export statements, in violation of Title 18, United States Code, Section 371 and Title 13, United States Code, Section 305 (Count One);

         WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 13, United States Code, Section 305(a)(3) and Title 28, United States Code, Section 2461, of (i) any interest in, security of, claim against, and property and contractual rights of any kind in the goods and tangible items that were the subject of the offense charged in Count One of the Information; (ii) any interest in, security of, claim against, and property and contractual rights of any kind in tangible property that was used in the export and attempt to export that was the subject of the offense charged in Count One of the Information; and (iii) all property, real or personal, constituting or derived from any proceeds obtained directly and indirectly as a result of the offense charged in Count One of the Information;

         WHEREAS, on or about October 16, 2025, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit

to the United States, pursuant to Title 13, United States Code, Section 305(a)(3): (i) any interest in, security of, claim against, and property and contractual rights of any kind in the goods and tangible items that were the subject of the offense charged in Count One of the Information; (ii) any interest in, security of, claim against, and property and contractual rights of any kind in tangible property that was used in the export and attempt to export that was the subject of the offense charged in Count One of the Information; and (iii) all property, real or personal, constituting or derived from any proceeds obtained directly and indirectly as a result of the of the offense charged in Count of the Information, including a sum of money equal to $2,370;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $2,370 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Michael Lockard, of counsel, and the Defendant and her counsel, Ernest Badway, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $2,370 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant VALERIA RUTH HACOHEN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____  10/16/2025
Michael Lockard                          DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2193


VALERIA RUTH HACOHEN

By: _____  10/16/25
Valeria Ruth HaCohen                     DATE

By: _____  10/16/25
Ernest Badway, Esq.                      DATE
Thompson Hine LLC
300 Madison Avenue Ste 27th Floor
New York, NY 10017
Attorney for Defendant


SO ORDERED:

_____        10/16/25
HONORABLE ANDREW L. CARTER               DATE
UNITED STATES DISTRICT JUDGE